**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **PAUL SCHOOLCRAFT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO.  1:19-CV-4864** |
| | ) |
| **NEW BEGINNINGS RESTAURANT GROUP,** | ) |
| **LLC. d/b/a HARDEES and ASLAM KAHN,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Paul Schoolcraft ("Plaintiff") brings these claims against Defendants, New Beginnings Restaurant Group, LLC ("Company") and Aslam Kahn ("Kahn", or collectively "Defendants"), as follows:

## OVERVIEW

1.      This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), I.C. §22-2-5 et. seq., The Indiana Wage Payment Statute ("IWPS"), I.C. §22-2-9 and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IWL").  Defendants violated the FLSA by failing to pay Plaintiff at least time and one-half for hours he worked in excess of forty hours per week.  Defendants further violated the Indiana Wage Payment Statute by failing to timely pay Plaintiff's earned wages in accordance with Indiana law.  Plaintiff pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative.

## PARTIES

2.      Plaintiff s an individual who, at all relevant times, resided in the Southern District of Indiana (Monroe County).  He was employed by Defendants within the meaning of the FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Plaintiff was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).  Moreover, Plaintiff was an employee as defined by I.C. §22-2-2-3.

3.      Company is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Alternatively, Plaintiff's work regularly involved commerce between states. Company is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.  Company operates one or more chain restaurants in Bloomington, Indiana.

4.      Aslam is the owner Company.  In this capacity, Aslam is involved in the day-to-day operations of Company.  Managers at Company told Plaintiff that to get paid what he is owed he must speak to Aslam in Texas.  At all relevant times, Aslam had responsibility to act on behalf of, and in the interest of, Company in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Plaintiff.  As a result, Aslam is an "employer" within the meaning of 29 U.S.C. § 203(d).

5.      Company is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce and has an annual gross volume of sales made or services performed of not less than $500,000 in receipts.

## JURISDICTION

6.      This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b).  The

Court has supplemental jurisdiction over Plaintiff's Indiana state law claims pursuant to 28

U.S.C. §1367.

## VENUE

7.      Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. §

1391.

## FACTS

8.      Plaintiff began his employment relationship with Defendants in July 2019.  He

worked as a cook.  He was an hourly employee and promised a pay rate of $8.50 per hour.

9.      After several days of work, Plaintiff grew tired of the constant bullying

perpetrated by management.  As a result, Plaintiff resigned his employment.

10.      Plaintiff should have been paid his final paycheck by mid August.  Defendants

failed to pay him.

11.      Plaintiff has spoken to management.  They admitted to being mistaken about

Plaintiff having received his last check.  Moreover, management confirmed that the computer

records reflected that Plaintiff had worked hours for which he had not been paid.  Nevertheless,

management refused to assist him or to otherwise give him his pay.

12.      Plaintiff suffered harm as a result of Defendants' unlawful conduct.

## LEGAL COUNTS

## COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE
## WITH THE FAIR LABOR STANDARDS ACT

13.      Plaintiffs incorporate paragraphs 1 – 12 herein.

14.     During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the minimum wage requirements of the FLSA.

15.     Plaintiff was harmed by Defendants' unlawful willful and/or reckless conduct.

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA WAGE PAYMENT STATUTE

16.     Plaintiff incorporate paragraphs 1 – 15 herein.

17.     During the relevant time period, Defendants violated the provisions of Indiana Code §§22-2-5 et. seq. by failing to timely pay Plaintiff's' earned wages.

18.     Plaintiff has been financially harmed by Defendants' conduct, and Defendants do not have a good faith or reasonable basis to have not paid Plaintiff all the wages he earned in a timely manner as prescribed by the Indiana Wage Payment Statutes.

## COUNT III: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

19.     Plaintiffs incorporates paragraphs 1 – 18 herein.

20.     Plaintiff pleads his Indiana overtime claims in the alternative.

21.     At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's overtime wage provisions by failing and refusing to pay Plaintiff at least minimum wage for all hours he worked.

22.     Defendants' conduct is willful, reckless, or indifferent to Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a.      An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid wages due to Plaintiff;

b.      An Order requiring Defendants to pay Plaintiff liquidated damages;

c.      An order awarding Plaintiff unpaid wages, advanced costs, and any applicable penalties under Indiana law;

d.      An Order awarding Plaintiff the costs of this action;

e.      An Order awarding Plaintiff his attorney's fees;

f.      A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and Indiana law by failing to comply with the minimum wage requirements of the FLSA and Indiana law; and

g.      An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff